No. 269

SAVAGE, SUPT. OF INS. v. MERCANTILE SEC. ASS'N.

Ohio Appeals, 2nd Dist., Franklin Co.
No. 1287. Decided Dec. 12, 1924.

647. INSURANCE—Ouster will lie when 634-2 GC is not complied with—License by State is necessary before operation of an insurance business under 10199 to 10205 GC.

This was an action in the Court of Appeals in which Emmet L. Savage, Superintendent of Insurance of Ohio, sought ouster of the Mercantile Security and Indemnity Association to test the legality of the business carried on by the defendant. It seems that the Association was operating or rather pretending to be, under 10199 to 10205 GC, commonly known as the "old horse thief sections." These sections permit the organization of a society for the apprehension of horse thieves and other criminals and permit them to indemnify each other against loss; but the state claims they have no contemplation of the things that this company was pretending to do thereunder and the court so held.

The Court of Appeals held that doing an insurance business without being licensed so to do by the Ohio Insurance Department, the company was operating in violation of law; and accordingly a perpetual injunction was issued against their further transaction of business.

Atorneys—C. C. Crabbe and C. S. Younger, for Savage, Columbus; Matthews & Matthews, Dayton, for Association.

No. 272

TEUFEL et v. STEIGLEDER et

Ohio Appeals, 1st Dist., Hamilton Co.
No. 2560. Decided Dec. 29, 1924.

1271. WILLS—Action to contest, to be brought only after probate of.

225. CHARGE TO JURY—When a party requests, must be handed to judge before the argument to the jury.

BUCHWALTER, J.

Epitomized Opinion
Published only in Ohio Law Abstract

This action was brought in the Hamilton Common Pleas, by Anna Teufel against Elizabeth Steigleder, to contest a will. Judgment in the trial court was rendered in favor of Steigleder. Error was prosecuted and Teufel claimed:

1. That certain allegations concerning the alleged circumstances surrounding the making of the will, and the alleged illegality in the probate of the will, which were incorporated in her petition, were stricken out by the court.

2. That the court refused to discharge, one Williams, a juror, challenged for cause.

3. That her counsel was given insufficient time in which to argue the case to the jury.

4. A special charge, requested to be given to the jury, was not so given.

The Court of Appeals held:

1. Action to contest the validity of a will can be brought and maintained only after such will has been admitted to probate.

2. Teufel could have discharged Williams, with one of her four peremptory challenges, a challenge for cause not being necessary.

3. Record shows that as much time was given for counsel's argument as was desired.

4. Special charge should be given to judge before argument to jury; the special charge in the instant case was given to the judge after the argument, and it was not error for the judge to refuse to give it to the jury.

There being no prejudicial error the judgment of the Common Pleas is affirmed.

Attorneys—Henry Baer and Michael C Lacinak for Teufel; Frank H. Kunkel, for Steigleder; all of Cincinnati.